IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MICHAEL PHILLIPS,            )
                             )
        Plaintiff,            )
                             )
    v.                       )       1:09CV227
                             )
NORTH CAROLINA A&T STATE     )
UNIVERSITY,                  )
                             )
        Defendant.            )

MEMORANDUM OPINION

BEATY, Chief District Judge.

This matter comes before the Court pursuant to Defendant's Motion to Dismiss for Lack of Jurisdiction [Doc. #6] and Defendant's Motion to Sever [Doc. #19]. In this lawsuit, which was removed from North Carolina state court to this Court, Plaintiff petitioned this Court for the judicial review of a decision by the State Personnel Commission to uphold Plaintiff's termination from employment with Defendant. Plaintiff's Complaint also alleged claims for slander, wrongful discharge, and for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

I.    FACTUAL BACKGROUND

Plaintiff Michael Phillips ("Plaintiff" or "Phillips") was terminated from his employment with Defendant North Carolina A&T State University ("Defendant" or "NC A&T") in February 2007. Plaintiff subsequently filed a Petition for Contested Case with the North Carolina Office of Administrative Hearings on May 18, 2007. After hearing Phillips' case, a state Administrative Law Judge issued a Recommended Decision and Order on November 12, 2008, dismissing all

of Plaintiff's claims against Defendant. On February 2, 2009, the State Personnel Commission ("the Commission") adopted the Administrative Law Judge's Findings of Fact and Conclusions of Law, affirming the dismissal of Plaintiff's claims.

Plaintiff initially filed this action in Guilford County Superior Court on March 30, 2009, seeking review of the Commission's decision and also asserting claims for slander, wrongful discharge, and violations of the FLSA. The case was removed by Defendant to this Court on April 1, 2009. Defendant subsequently filed its present Motion to Dismiss and Motion to Sever. Defendant's Motion to Dismiss seeks to have Plaintiff's claims for slander and wrongful discharge dismissed on the basis of state sovereign immunity. Defendant's Motion to Sever seeks to have Plaintiff's Petition for judicial review of the state Administrative Law Judge's determination severed from his other claims and remanded to state court. This motion does not, however, seek dismissal of Plaintiff's FLSA claim. Both motions have been fully briefed and are ready for review.

II. PENDING MOTIONS

A. Defendant's Motion to Dismiss in Part

In his Complaint, Plaintiff alleged claims against Defendant NC A&T for slander and wrongful discharge. Defendant has filed a Rule 12(b)(1) Motion to Dismiss, which seeks dismissal of both claims on the grounds of state sovereign immunity. Preliminarily, the Court notes that a claim of sovereign immunity may properly be raised by means of a Rule 12(b)(1) motion to dismiss. RPR & Assocs. v. O'Brien/Atkins Assocs., P.A., 921 F. Supp. 1457, 1460 (M.D.N.C. 1995) (holding that defendant's claim of sovereign immunity was properly raised

pursuant to a Rule 12(b)(1) motion to dismiss); Teachy v. Coble Dairies, Inc., 306 N.C. 324, 328, 293 S.E.2d 182, 184 (1982) (declining to rule on whether sovereign immunity is more properly raised pursuant to a motion to dismiss for lack of subject matter jurisdiction or for lack of personal jurisdiction); see Pettiford v. City of Greensboro, 556 F. Supp. 2d 512, 524 n. 8 (M.D.N.C. 2008) ("North Carolina law is unsettled regarding whether a motion to dismiss based on sovereign immunity presents a question of subject matter jurisdiction or personal jurisdiction."). Accordingly, in considering a defendant's Rule 12(b)(1) motion to dismiss on sovereign immunity grounds, the court must provide the plaintiff with the same procedural protections that would otherwise be provided under Rule 12(b)(6). RPR & Assocs., 921 F. Supp. at 1460; Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Therefore, all facts alleged in the plaintiff's complaint are assumed true and all factual inferences are drawn in the plaintiff's favor. RPR & Assocs., 921 F. Supp. at 1460. The party moving for dismissal will only prevail if the material jurisdictional facts are not disputed and the moving party is entitled to prevail as a matter of law. Id. (quoting Richmond, Fredericksburg & Potomac R.R. v. United States, 945 F.2d 765, 768 (4th Cir. 1991), cert. denied, 503 U.S. 984, 112 S. Ct. 1667, 118 L. Ed. 2d 388 (1992)); see also Trentacosta v. Frontier Pacific Aircraft Industries, Inc., 813 F.2d 1553, 1558 (9th Cir. 1987) (holding that when ruling on a motion to dismiss on jurisdictional grounds, the court may use the standard applicable to a motion for summary judgment, without converting the motion into one for summary judgment).

The doctrine of sovereign immunity provides states and their agencies, including state universities, with "absolute immunity in tort actions without regard to whether it is performing

3

a governmental or proprietary function except insofar as it has consented to be sued or otherwise expressly waived its immunity." Guthrie v. North Carolina State Ports Auth., 307 N.C. 522, 534, 299 S.E.2d 618, 625 (1983). Thus, in North Carolina, "[c]laims for tort liability are allowed only by virtue of the express waiver of the State's immunity." Id. at 534-35, 299 S.E.2d at 625 (citing Turner v. Bd. of Educ., 250 N.C. 456, 109 S.E.2d 211 (1959)). The removal of a case does not impact the determination of the state's immunity from suit, because a state is not deemed to have waived its protection of state sovereign immunity by voluntarily removing an action to federal court. Stewart v. North Carolina, 393 F.3d 484, 490 (4th Cir. 2005).

Pursuant to the North Carolina Tort Claims Act, N.C. Gen. Stat. § 143-291 (2009), the state of North Carolina has waived sovereign immunity for "the purpose of hearing and passing upon tort claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State." However, this Act only waives immunity for liability arising from negligent acts committed by agents of the State, and it requires that plaintiffs "who wish to sue the state for tortious acts must bring their claims before the North Carolina Industrial Commission, not the district court." Alston v. N.C. A&T State Univ., 304 F. Supp. 2d 774, 783 (M.D.N.C. 2004). However, with regard to intentional torts, "[t]he State has not waived sovereign immunity for intentional torts by action of the Tort Claims Act or other statute." Kawai Am. Corp. v. Univ. of N.C. at Chapel Hill, 152 N.C. App. 163, 167, 567 S.E.2d 215, 218 (2002); see also Davis v. North Carolina State Hwy. Comm'n, 271 N.C. 405, 409, 156 S.E.2d 685, 687 (1967) ("Injuries intentionally inflicted by employees of a State agency are not compensable under the North Carolina Tort Claims Act."); Frazier v. Murray,

4

135 N.C. App. 43, 48, 519 S.E.2d 525, 528 (1999) (holding that dismissal of claims for false imprisonment and intentional infliction of emotional distress were proper because "[i]njuries intentionally inflicted by employees of a State agency are not compensable under the Tort Claims Act."). In other words, negligence actions under the Tort Claims Act are the only means by which the State may be sued in tort. Guthrie v. North Carolina State Ports Auth., 307 N.C. 522, 299 S.E.2d 618 (1983) ("The State may be sued in tort only as authorized in the Tort Claims Act."). Further, the North Carolina state courts have consistently held that state sovereign immunity bars suits for wrongful discharge against state officials acting in their official capacities. See Phillips v. Gray, 163 N.C. App. 52, 52, 592 S.E.2d 229, 229 (2004); Paquette v. County of Durham, 155 N.C. App. 415, 415, 573 S.E.2d 715, 715 (2002). Here, Plaintiff's claims do not sound in negligence, and even if they did sound in negligence, they were filed in state court rather than before the North Carolina Industrial Commission. Therefore, Plaintiff has not established a valid waiver of sovereign immunity by means of the Tort Claims Act.

Plaintiff nevertheless contends that Defendant waived its sovereign immunity by entering into a contract and alternatively, by the passage of the North Carolina Whistleblower's Act, N.C. Gen. Stat. § 126-84 et seq. First of all, with regard to Plaintiff's allegation of a contractual waiver, Plaintiff maintains that by "entering into the employer/employee relationship with the Plaintiff, Defendant has created a contract that consents to the jurisdiction of the Court for breaches of said contract." (Pl.'s Memo. in Opposition to Mot. to Dism. [Doc. #14] at 2). However, Plaintiff has neither alleged nor established the existence of a binding employment contract between himself and Defendant. Instead, Plaintiff baldly claims that an employment

5

contract was created *ipso facto* when he entered into an employment relationship with Defendant. In North Carolina, however, employment relationships are governed by the "employment-at-will" scheme, which is based on the *absence* of employment contracts in typical employment relationships. Kurtzman v. Applied Analytical Indus., 347 N.C. 329, 331 (1997) ("North Carolina is an employment-at-will state. This Court has repeatedly held that in the absence of a contractual agreement between an employer and an employee establishing a definite term of employment, the relationship is presumed to be terminable at the will of either party without regard to the quality of performance of either party."). Accordingly, in North Carolina, if no valid employment contract exists, entities of the state may not be made subject to contractual liability. Data Gen. Corp. v. County of Durham, 143 N.C. App. 97, 102, 545 S.E.2d 243, 247 (2001).

Further, even if Plaintiff had established the existence of a valid employment contract in this case, he does not seek recovery for breach of contract, but rather for slander and wrongful discharge in tort. The North Carolina state courts have held that "[b]reach of contract is the proper claim for a wrongfully discharged employee who is employed for a definite term," not wrongful discharge. Wagoner v. Elkin City Sch. Bd. of Educ., 113 N.C. App. 579, 588, 440 S.E.2d 119, 125 (1994). In other words, a valid contractual waiver of sovereign immunity would only expose the State to liability for breach of contract, not for other causes of action, such as slander or wrongful discharge. See Able Outdoor v. Harrelson, 341 N.C. 167, 172, 459 S.E.2d 626, 629 (1995); see also Smith, 289 N.C. at 320, 222 S.E.2d at 423-24; Kawai, 152 N.C. App at 166-167, 567 S.E.2d at 218 (holding that the fact that "the State implicitly consents to be sued

for damages on the contract in the event it breaches the contract" has "no application to the doctrine of sovereign immunity as it relates to the State's liability for torts."). Therefore, Plaintiff's claims for slander and wrongful discharge would not properly be brought against Defendant even pursuant to a valid breach of contract claim.

Alternatively, Plaintiff alleges that the State of North Carolina has "explicitly waived sovereign immunity in the employment area through enactment of the North Carolina Whistleblower's Act. N.C. Gen. Stat. §126-84 et seq." The North Carolina courts have held that the Whistleblower's Act "represents a clear statutory waiver of sovereign immunity to redress violations of the nature proscribed in G.S. § 126-85," since it provides for specific remedies, including "injunction, damages, reinstatement of the employee, the payment of back wages, full reinstatement of fringe benefits and seniority rights, costs, [and] reasonable attorney's fees[.]" Minneman v. Martin, 114 N.C. App. 616, 619, 442 S.E.2d 564, 566 (1994); N.C. Gen. Stat. § 126-86. However, the North Carolina Whistleblower Act does not purport to waive sovereign immunity as to anything other than Whistleblower Act claims. Minneman, 114 N.C. App. at 619, 442 S.E.2d at 567 (1994) (noting that "[t]he Whistleblower Act, in providing for specific remedies, represents a clear statutory waiver of sovereign immunity to redress *violations of the nature proscribed in G.S. § 126-85*[,]" such as violations of state or federal rules or regulations, fraud, misappropriation of state resources, dangers to public health or safety, gross mismanagement, waste of monies, abuse of authority, intimidation, or harassment).

7

In considering Plaintiff's contentions, the Court notes first that Plaintiff has not alleged a whistleblower claim in his Complaint.[1] The Court further notes that to the extent that Plaintiff might have raised a whistleblower claim by means of his filing a Contested Case with the Office of Administrative Hearings ("OAH") in May 2007, within one year of his termination, the North Carolina state courts have held that a plaintiff may bring a whistleblower claim either through an administrative action or an action in superior court, but not both. Swain v. Elfland, 145 N.C. App. 383, 389, 550 S.E.2d 530, 535 (2001). In effect, "if a state employee chooses to forego the judicial forum and initiates a whistleblower claim in the OAH, the employee's only recourse to superior court is to petition for judicial review of the final agency decision of the State Personnel Commission (SPC) pursuant to N.C.G.S. § 150B-43 (2003)." Newberne v. Dep't of Crime Control & Pub. Safety, 359 N.C. 782, 797-98, 618 S.E.2d 201, 212 (2005). Here, Plaintiff filed a Contested Case with the North Carolina Office of Administrative Hearings, which resulted in a dismissal of all claims. Under North Carolina law, the outcome of this administrative process "would control and plaintiff's exclusive remedy would be administrative." Swain, 145 N.C. App. at 390, 550 S.E.2d at 535. Moreover, to the extent that Plaintiff's claim seeks review of the state administrative board's decision, as outlined below, such a claim would not be properly before this Court, since hearing such a claim would require the Court to undertake an appellate review of state administrative proceedings.

---

[1] Moreover, even if Plaintiff had alleged a valid whistleblower claim, the statute of limitations under the Whistleblower's Act bars actions filed more than "one year after the occurrence of the alleged violation of this Article[.]" N.C. Gen. Stat. § 126-86. Plaintiff was terminated by Defendant in February 2007, and he filed his Complaint in Guilford County Superior Court on March 30, 2009, more than one year later. Therefore, any whistleblower claim alleged by Plaintiff would be barred by the statute of limitations.

Accordingly, Plaintiff has not set forth a valid waiver of state sovereign immunity with regard to his claims for slander and wrongful discharge. For this reason, Defendant's Motion to Dismiss will be granted with regard to Plaintiff's slander and wrongful discharge claims, and these claims will be dismissed.

B.  Defendant's Motion to Sever

Plaintiff's Complaint also includes a Petition for the judicial review by this Court of the November 12, 2008 decision by the North Carolina Office of Administrative Hearings and its February 2, 2009 adoption by the State Personnel Commission pursuant to N.C. Gen. Stat. § 150B-43. In his Complaint, Plaintiff "appeals to this Court" on the basis of various objections to these proceedings. Under North Carolina statutes, a Petitioner may file an appeal in state court when he "has exhausted all administrative remedies made available to him by statute or agency rule[.]" N.C. Gen. Stat. § 150B-43. Initially, Plaintiff filed this "appeal" in North Carolina Superior Court as part of his Complaint, which also included his FLSA claim and state law claims. As outlined above, the Complaint was removed by Defendant to this Court. Upon removal, Defendant filed its Motion to Sever, requesting that this Court sever Plaintiff's Petition for judicial review from his other claims, and remand the Petition for judicial review to state court.

When a separate and independent claim arising under federal law is joined with otherwise nonremovable claims, the Court has discretion to retain the whole case, or to remand matters in which State law predominates. 28 U.S.C. § 1441(c). A federal claim is "separable and independent" when that claim is "separately mantainable and determinable without any

9

reference to the facts alleged or contentions stated in or with regard to" the other state law claims. White v. County of Newberry, S.C., 985 F.2d 168, 171 (4th Cir. 1993). Here, Plaintiff's federal claim under the FLSA relates to Defendant's alleged failure to compensate Plaintiff at the proper rate during the course of his employment. This claim is independent and separate from Plaintiff's remaining Petition for the judicial review of his termination decision, since the issue of Plaintiff's compensation during employment can be separately maintained and determined without reference to the allegations and issues involved in Plaintiff's claim relating to his termination from employment.

Further, Plaintiff's action for judicial review is predominated with state law issues, since it involves the review of state administrative proceedings pursuant to North Carolina statute. In Frison v. Franklin County Board of Education, 596 F.2d 1192 (4th Cir. 1979), the United States Court of Appeals for the Fourth Circuit held that federal district courts should decline to exercise supplemental jurisdiction over a state law claim that is "essentially a petition for judicial review of state administrative action rather than a distinct claim for relief." Id. at 1194. Similarly, the Fourth Circuit held in Fairfax County Redevelopment & Housing Authority v. W.M. Schlosser Co., Inc., 64 F.3d 155 (4th Cir. 1995), that "federal district courts are courts of original jurisdiction and, thus, cannot review on appeal findings of state agencies." Id. at 156-57 (citing Chicago, Rock Island & Pacific R.R. Co. v. Stude, 346 U.S. 574, 581, 74 S. Ct. 290, 295, 98 L. Ed. 317, 326 (1954) ("A state legislature may not make a federal district court of original jurisdiction, into an appellate tribunal.")). In other words, it is improper for a federal district court to hear appellate reviews of state administrative decisions that are not de novo trial

10

proceedings. Frison, 596 F.2d at 1194.

The North Carolina statute under which Plaintiff seeks judicial review, N.C. Gen. Stat. § 150B-51, requires reviewing courts to undertake appellate, rather than de novo, action. In relevant part, § 150B-51 mandates that reviewing courts make certain determinations with regard to the review of administrative proceedings including: whether the applicable appointing authority heard new evidence after receiving the recommended decision, . . . whether the agency heard new evidence after receiving the decision, . . . [and] whether the agency specifically rejected findings of fact contained in the administrative law judge's decision. Id. This section also grants a reviewing court the authority to "affirm the decision of the agency or remand the case to the agency or to the administrative law judge for further proceedings. It may also reverse or modify the agency's decision, or adopt the administrative law judge's decision if the substantial rights of the petitioners may have been prejudiced because the agency's findings, inferences, conclusions, or decisions are: (1) In violation of constitutional provisions; (2) In excess of the statutory authority or jurisdiction of the agency; (3) Made upon unlawful procedure; (4) Affected by other error of law; (5) Unsupported by substantial evidence[;] or (6) Arbitrary, capricious, or an abuse of discretion." Id.

Such considerations are inconsistent with a de novo trial proceeding, as they center around reviewing the adequacy of decisions made by state administrative bodies. The United States Supreme Court and the Fourth Circuit Court of Appeals have expressly held that in such cases, federal courts should decline to exercise jurisdiction. See Chicago, Rock Island & Pacific R.R. Co., 346 U.S. at 581, 74 S. Ct. at 295, 98 L. Ed. at 326; Frison, 596 F.2d at 1194; Fairfax

11

County Redev. & Hous. Auth., 64 F.3d at 156-57. The fact that state courts conducting judicial review under this statute utilize a "whole record test" does not vitiate the fact that granting jurisdiction over this claim for judicial review would require the Court to improperly sit in an appellate capacity over state administrative proceedings.

Therefore, the Court will remand Plaintiff's Petition for judicial review to state court, and Defendant's Motion to Sever will be granted. As noted above, Defendant does not seek dismissal or remand of Plaintiff's FLSA claim, and therefore, that claim will go forward in this Court.

III.  CONCLUSION

For the reasons stated above, it is ordered that Defendant's Motion to Dismiss in Part [Doc. #6] is GRANTED, and Plaintiff's claims for slander and wrongful discharge (Counts 3 and 4) are dismissed based on sovereign immunity. It is further ordered that Defendant's Motion to Sever [Doc. #19] is GRANTED, and Plaintiff's claim for judicial review of the state administrative proceeding (Count 1) is SEVERED and REMANDED. All pending motions having been resolved, this case will proceed with respect to Plaintiff's sole remaining claim, which has alleged violations of the Fair Labor Standards Act.

This, the 28th day of December, 2009.

_____
United States District Judge

12

Case 1:09-cv-00227-JAB-WWD   Document 16   Filed 12/28/09   Page 12 of 12